UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| KELVIN BRENT HOLMES, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | Case No. 09-CV-6953 |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | Judge John W. Darrah |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Kelvin Brent Holmes, proceeding *pro se*, filed an Amended Complaint against Defendant United States of America ("the Government"), seeking recovery under the Federal Tort Claims Act.[1] The Government has filed a Motion for Summary Judgment based on Plaintiff's failure to obtain a medical expert. For the reasons set forth below, the Government's Motion for Summary Judgment is granted.

## BACKGROUND

Plaintiff filed his original Complaint on November 17, 2009, alleging his face had been disfigured by procedures performed at the Jesse Brown VA Hospital. This Complaint was dismissed on April 15, 2010, without prejudice. Plaintiff filed an Amended Complaint on November 2, 2010. Plaintiff alleges medical negligence on the part of the Government relating to treatment he received from the Jesse Brown V.A.

---

[1] Plaintiff continues to name Jesse Brown V.A. Hospital as Defendant, but as decided by the Court on April 15, 2010, a plaintiff may only bring an action under the Federal Tort Claims Act against the United States, not against individual agencies or departments. The only defendant remaining in this action is the United States. *See* Docket Entry 23.

Hospital for facial chemical peels in 2008. Pl. Amended Compl. ¶ 1. The Government moves to dismiss his Amended Complaint, arguing summary judgment should be granted in the Government's favor because Plaintiff has failed to provide medical expert testimony.

Local Rule 56.1(a)(3) requires the party moving for summary judgment to provide "a statement of material facts as to which the moving party contends there is no genuine issue." Rule 56.1(b)(3) then requires the nonmoving party to admit or deny each factual statement proffered by the moving party and to concisely designate any material facts that establish a genuine dispute for trial. *See Schrott v. Bristol-Myers Squibb Co.*, 403 F.3d 940, 944 (7th Cir. 2005). A litigant's failure to dispute the facts set forth in its opponent's statement in the manner dictated by Local Rule 56.1 results in those facts' being deemed admitted for purposes of summary judgment. *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003).

Local Rule 56.1(b)(3)(C) permits additional material facts to be provided by the nonmoving party. Local Rule 56.1(a)(3) then allows the moving party to submit a concise reply to these additional facts. However, Plaintiff, the nonmoving party, failed to submit any additional facts, nor did Plaintiff admit or deny the Government's factual statements pursuant to Local Rule 56.1(b)(3).[2] Because Plaintiff did not deny any of the Government's factual statements, they are admitted.

---

[2] The Government provided notice to the Plaintiff, filing a "Notice to *Pro Se* Litigant Opposing Motion for Summary Judgment," explaining how the Plaintiff was required to respond to its Statement of Facts in accordance with the Local Rules.

The following is taken from the Government's statement of undisputed material facts submitted in accordance with Local Rule 56.1. Plaintiff Holmes filed this lawsuit against the United States on November 17, 2009, seeking damages for alleged disfigurement of his face, following several chemical peels performed at Jesse Brown V.A. Hospital. Gov. 56.1(a)(3) ¶ 1. Plaintiff subsequently amended his complaint to more clearly state a claim for medical malpractice.[3] *Id.* ¶ 2. Plaintiff has not disclosed a medical expert or otherwise obtained any expert testimony that would support his medical negligence claim. *Id.* ¶ 3.

## LEGAL STANDARD

Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial responsibility of informing the court of the basis for its motion and identifying the evidence it believes demonstrates the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). If the moving party meets this burden, the nonmoving party cannot rest on conclusory pleadings but "must present sufficient evidence to show the existence of each element of its case on which it will bear the burden at trial." *Serfecz v. Jewel Food Stores*, 67 F.3d 591, 596 (7th Cir. 1995) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585-86 (1986)). A mere scintilla of evidence is not sufficient to oppose a

---

[3] The Amended Complaint was filed by appointed counsel, who subsequently was granted leave to withdraw. New counsel was appointed and also was granted leave to withdraw. As noted above, Plaintiff now proceeds *pro se*.

3

motion for summary judgment, nor is a metaphysical doubt as to the material facts. *Robin v. Espo Eng. Corp.*, 200 F.3d 1081, 1088 (7th Cir. 2000) (citations omitted). Rather, the evidence must be such "that a reasonable jury could return a verdict for the nonmoving party." *Pugh v. City of Attica, Ind.*, 259 F.3d 619, 625 (7th Cir. 2001) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (*Anderson*)).

In considering a motion for summary judgment, the court must view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in the nonmoving party's favor. *Abdullahi v. City of Madison*, 423 F.3d 763, 773 (7th Cir. 2005) (citing *Anderson*, 477 U.S. at 255). The court does not make credibility determinations or weigh conflicting evidence. *Id.*

## ANALYSIS

The Government's Motion for Summary Judgment submits a very simple argument: Plaintiff seeks to recover for medical malpractice under the Federal Tort Claims Act but fails to provide the expert testimony required to support his medical malpractice claim.

Plaintiff's alleged injury occurred in Illinois; therefore, the law of Illinois governs this dispute. *See* 28 U.S.C. 1346(b)(1). "Under Illinois law, in medical malpractice actions, 'expert testimony is necessary to establish both (1) the standard of care expected of the professional and (2) the professional's deviation from the standard.'" *Threlkeld v. White Castle Sys.*, 201 F. Supp. 2d 834, 844 (N.D. Ill. 2002) (quoting *Jones v. Chicago HMO Ltd. of Ill.*, 730 N.E.2d 1119, 1130 (Ill. 2000) (*Chicago HMO*)). Plaintiff has not disclosed a medical expert or provided expert testimony to support his claim of medical

negligence. In his Response, Plaintiff argues in a case as simple as his, expert testimony is not always required, citing the *Chicago HMO* case. However, Plaintiff's reliance on *Chicago HMO* is misplaced. There, the Supreme Court of Illinois held that while an expert's testimony was not required to establish institutional negligence, it is usually necessary to establish professional negligence, which includes negligence of medical professionals. *Chicago HMO*, 730 N.E.2d at 1130. The Illinois Court permits an exception to this requirement, "where the professional's conduct is so grossly negligent or the treatment so common that a lay juror could readily appraise it, no expert testimony or other such relevant evidence is required." *Id.* Plaintiff has presented no evidence that his medical malpractice claim rises to the level of this exception. Thus, the opinion of a medical expert would be required for the Plaintiff to prevail on his claim. Plaintiff cannot proceed to trial without an expert establishing the appropriate standard of care and explaining how the medical team at Jesse Brown V.A. Hospital breached this standard. As such, summary judgment should be granted in favor of the Government. *See Musser v. Gentiva Health Servs.*, 356 F.3d 751, 761 (7th Cir. 2004) (affirming summary judgment against plaintiff where plaintiff could not proffer medical expert testimony to establish his medical malpractice claim). Plaintiff has presented no basis for why he should be relieved of the requirement to submit expert testimony in support of his claim.[4]

---

[4] Plaintiff is aware of this requirement, as it resulted in him failing to recover on a similar action against the Government in the Northern District of Illinois. *See Holmes v. Westside V.A. Hospital*, No. 04 C 2287, 2007 WL 5649511, at *2 (N.D. Ill. Oct. 4, 2007) (granting summary judgment in favor of the Government because Plaintiff failed to offer the opinion of a medical expert in support of his claim against a V.A. hospital).

## CONCLUSION

In light of the foregoing analysis, Defendant's Motion for Summary Judgment as to Plaintiff's medical negligence claim under the Federal Tort Claims Act is granted, and Plaintiff's claim is dismissed.

Date: 2-16-12

JOHN W. DARRAH
United States District Court Judge